FILED
2008 SEP 30 A 11: 33
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEP. CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MARTIN RODRIGUEZ )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | 1:05-cv-228/1:03-cr-206<br>*Collier* |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Martin Rodriguez ("Rodriguez"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

### I. STANDARD OF REVIEW

This court must vacate and set aside Rodriguez's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Rodriguez "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Rodriguez is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.  FACTUAL BACKGROUND

Rodriguez pleaded guilty, without benefit of a written plea agreement, to conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. Based upon his prior felony drug conviction for possession with intent to distribute cocaine, Rodriguez was subject to a mandatory minimum sentence of ten years on the conspiracy conviction pursuant to 21 U.S.C. § 841(b)(1)(B). He was sentenced to concurrent terms of imprisonment of 120 months each. Rodriguez did not appeal his sentence.

In support of his § 2255 motion to vacate sentence, Rodriguez alleges the following: (1) he received ineffective assistance of counsel at sentencing; (2) his rights to due process were violated by the sentencing judge; (3) 21 U.S.C. § 851 is unconstitutional; and (4) 21 U.S.C. § 841(b) is unconstitutional. As to each claim, Rodriguez also alleges his attorney failed to raise them on appeal despite being asked to do so.

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Rodriguez must demonstrate the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222,

229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Rodriguez bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Rodriguez alleges his attorney failed to object to the use of his prior drug conviction for sentence enhancement purposes and failed to investigate the validity of the prior conviction. According to Rodriguez, had counsel investigated the prior conviction, he would have learned it was invalid. Rodriguez does not state any facts, however, to support his claim the prior conviction was invalid.

On February 22, 2002, Rodriguez was convicted in the United States District Court for the Eastern District of Kentucky of possession with intent to distribute cocaine; he was sentenced to time served and released to the custody of the Immigration and Naturalization Services for deportation. [Criminal Action No. 1:03-cr-206, Presentence Report, p. 6, ¶ 29]. As required by 21 U.S.C. § 851(a), the government filed notice of its intent to use Rodriguez's prior federal drug conviction to enhance his sentence. [*Id.*, Court File No. 21, Enhancement Notice].

As noted, Rodriguez has not stated any facts to support his claim his prior conviction was invalid and there is nothing in the record to suggest the prior conviction was not valid. Accordingly, his claim of ineffective assistance of counsel in this regard lacks merit. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

4

With respect to Rodriguez's claim his attorney failed to file an appeal, the Sixth Circuit has held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-26 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

Rodriguez states he told his lawyer he wanted to appeal, but that his lawyer told him he had no appealable issues. Although Rodriguez claims to have told his attorney to file an appeal, he offers no facts to support that claim other than his bald assertion. Rodriguez does not state where, when or how he communicated that instruction, whether orally or in writing, nor does he state what the basis of an appeal would have been other than he thought his sentence was excessive. A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusive allegations. *See, e.g., Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Rodriguez was sentenced to a mandatory minimum term of imprisonment of 120 months. There is nothing in the record to suggest his prior federal drug conviction was

5

invalid and therefore the enhancement of his sentence would not have been a legitimate basis for appeal. In addition, for the reasons set forth below, Rodriguez's remaining claims for relief lack merit and therefore would not have been proper grounds for appeal. An attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993). Under these circumstances, Rodriguez's allegation his attorney failed to file an appeal does not state a claim of ineffective assistance of counsel under the *Strickland* standard. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

### B. Due Process / Booker Claim

Rodriguez alleges his right to due process was violated because the sentencing judge believed the sentencing guidelines were mandatory rather than advisory. Rodriguez is apparently attempting to raise a claim under *United States v. Booker*, 543 U.S. 220 (2005). Rodriguez was sentenced on July 20, 2004; *Booker* was decided on January 12, 2005. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 543 U.S. at 268.

The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id.* The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th

Case 1:03-cr-00206 Document 40 Filed 09/30/08 Page 6 of 10 PageID #: 28

Cir.), *cert. denied*, 546 U.S. 885 (2005). *See also Valentine v. United States*, 488 F.3d 325, 330 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1311 (2008) ("We hold that petitioners whose convictions became final prior to *Booker* may not rely on *Booker*'s rule on collateral review.").

In any event, Rodriguez was sentenced to a statutory mandatory minimum sentence as a result of the drug quantity and his prior federal conviction. The Sentencing Guidelines had no effect on his sentence and *Booker* would not have offered him any relief. "'*Booker* does not apply when the defendant has been sentenced to the mandatory minimum.'" *United States v. Smith*, 419 F.3d 521, 532 (6th Cir. 2005) (quoting *United States v. Johnson*, 129 Fed.Appx. 966, 972 (6th Cir. May 5, 2005)). Rodriguez is not entitled to relief on this claim.

### C. Constitutionality of 21 U.S.C. § 851

Rodriguez alleges that 21 U.S.C. § 851 is unconstitutional and cannot provide a basis for sentence enhancement because it requires the court, rather than a jury, to make the factual determination that the defendant has a prior felony drug conviction. Rodriguez contends that, under the Sixth Amendment, the factual finding of a prior conviction must be alleged in the indictment and proven to the finder of fact beyond a reasonable doubt. This argument lacks merit.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court considered an enhanced punishment for a firearm conviction under a New Jersey statute, and held: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable

7

doubt." *Id.* at 490 (emphasis added). The Court clearly made an exception for prior convictions and that exception has not changed in the intervening years. *See United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005) ("From *Apprendi* to *Blakely* to *Booker*, the Court has continued to except such factfinding [of prior convictions] from the requirement of the Sixth Amendment."); *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) ("[T]here is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury."). Rodriguez is not entitled to relief on this claim.

### D. Constitutionality of 21 U.S.C. § 841(b)

Rodriguez alleges the sentencing provisions of 21 U.S.C. § 841(b) violate the Sixth Amendment because they do not require the drug quantity to be submitted to a jury. Rodriguez pleaded guilty to counts one and two of the indictment; count one charged him with conspiracy to distribute 50 grams or more of a mixture containing methamphetamine. [Criminal Action No. 1:03-cr-206, Court File No. 9, Indictment]. In the factual basis in support of Rodriguez's guilty plea, it was stated that during the conspiracy 50 grams of methamphetamine was distributed. [*Id.*, Court File No. 25, Factual Basis, p. 2]. The quantity of 50 grams of a mixture containing methamphetamine was the drug quantity used to determine the applicable mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). [*Id.*, Presentence Report, p. 4, ¶ 11].

8

Rodriguez did not object to the Presentence Report. [*Id.*, Addendum]. He therefore cannot now claim that his Sixth Amendment right to trial by jury was violated. *See United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005) (Adkins' "Sixth Amendment right to trial by jury" was not violated "because, by explicitly declining to object to the drug amount attributed to him in the PSR, Adkins admitted that fact."). In addition, by pleading guilty to a charge involving a specific drug quantity, Rodriguez waived the right to challenge the quantity of drugs attributable to him. *See United States v. Calloway*, 89 Fed.Appx. 982, 984-85 (6th Cir. 2004); *United States v. Chapman*, 305 F.3d 530, 535 (6th Cir. 2002). Rodriguez is not entitled to relief on this claim.

## IV. CONCLUSION

Rodriguez is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Rodriguez leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Rodriguez having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

/s/ _____

CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE

10